UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 25-CR-45

JUNIOR A. ANDERSON,

        Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and Timothy W. Funnell, Assistant United States Attorney, and the defendant, Junior A. Anderson, individually and by attorney Thomas E. Phillip, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2.      The defendant has been charged in a two-count indictment, which alleges violations of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 2(a).

3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE
### (Possession of firearms by a convicted felon)

**THE GRAND JURY CHARGES THAT**:

1.  On or about November 6, 2023, in the State and Eastern District of Wisconsin,

**JUNIOR A. ANDERSON,**

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms which, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2.  The firearms are more fully described as (i) a 9mm pistol with no serial number and marked with "PF9406C Polymer80, Inc. Made in USA Dayton, NV"; and (ii) a Browning 9mm pistol bearing serial number 245NZ52041.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 2(a).

5.  The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> On November 6, 2023, law-enforcement agents in Outagamie County, State and Eastern District of Wisconsin, used a confidential informant ("CI") to buy two 9mm pistols from the defendant, Junior A. Anderson. At the time of the firearm transaction, Anderson had been previously convicted of robbery by threat of force (Milwaukee County Case No. 2015CF2015), and endangering safety by reckless use of a firearm as a repeater (Dane County Case No. 2016CF873).
>
> For the controlled buy described below, Anderson (a/k/a "Jay Mo") used his cellphone to call and message the CI to arrange the deal; they met inside a car that Anderson drove to the Wal-Mart parking lot in the Town of Grand Chute; and agents provided surveillance, including audio, photos, and/or video.
>
> On November 6, 2023, Anderson used Facebook Messenger to send the CI pictures of two 9-mm pistols priced at $1,200 total. Agents confirmed Anderson's identity through his Facebook profile, WI DOT records, and WI DOC records. Agents gave the CI $2,000 in recorded currency, including an extra $800 if Anderson offered

another firearm for sale. The CI waited inside Wal-Mart until Anderson drove into the parking lot in a white Ford sedan. The CI got into the back seat and handed Anderson $1,200 in exchange for a backpack containing the same handguns depicted in the pictures that Anderson sent before the deal: (i) a 9-millimeter pistol with an extended magazine, no serial number, marked with "PF9406C Polymer80, Inc. Made in USA Dayton, NV"; and (ii) a Browning 9-millimeter pistol bearing serial number 245NZ52041. An unknown male was in the front passenger seat. Anderson told the CI to keep the backpack. After the CI exited the Ford, he met with officers and turned over the backpack, pistols, and $800 in unused buy funds. Other agents followed Anderson as he drove away from Wal-Mart, stopped at two businesses, and arrived home at [XXXX] Regency Court Apartments in Appleton. During the surveillance, agents were able to positively identify Anderson.

The two pistols that Anderson knowingly possessed during the above controlled buys were manufactured outside the State of Wisconsin, and therefore traveled in interstate or foreign commerce prior to Anderson's possession of them.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

**PENALTIES**

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum 15 years in prison, a maximum $250,000 fine, a maximum three years of supervised release, and a mandatory special assessment of $100.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

**DISMISSAL OF REMAINING COUNT**

8. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

**ELEMENTS**

9. The parties understand and agree that to sustain the charge of possession of a firearm by a felon as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

3

First, the defendant knowingly possessed a firearm; and
Second, at the time of the charged act, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and
Third, at the time of the charged act, the defendant knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and
Fourth, the firearm had been shipped or transported in interstate commerce before the defendant's possession of it.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

4

## Sentencing Guidelines Calculations

14.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 22 under Sentencing Guidelines Manual § 2K2.1(a)(3).

## Specific Offense Characteristics

17.     The government agrees to recommend to the sentencing court that the following provisions apply to the offense level for Count One: a two-level increase under Sentencing Guidelines Manual § 2K2.1(b)(1)(A); a four-level increase under Sentencing Guidelines Manual § 2K2.1(b)(4)(B)(ii); and a two-level increase under Sentencing Guidelines Manual § 2K2.1(b)(5)(B).

5

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any information which might be pertinent to the sentencing process, including but not limited to any conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence at the low end of the applicable sentencing guideline range, as determined by the court.

### Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24.     The defendant acknowledges and understands that any financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay, and that the government's collection of any court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25.     The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form.

### Special Assessment

26.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Forfeiture

27.     The defendant agrees that all properties listed in the indictment constitute the proceeds of the offense to which he is pleading guilty or were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The

7

parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has

8

explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

32. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the court to be released from specific obligations under this plea agreement to reflect the defendant's conduct. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any dismissed charges and to file any charges which were not filed because of this agreement. The

9

defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

33. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: April 29th, 2025

JUNIOR A. ANDERSON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 4/29/2025

THOMAS E. PHILLIP
Attorney for Defendant

For the United States of America:

Date: 4/30/2025

RICHARD G. FROHLING
Acting United States Attorney

Date: 4/30/2025

TIMOTHY W. FUNNELL
Assistant United States Attorney

11